IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARON ADEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV220 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, through its Secretary, | ) | |
| JANET NAPOLITANO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Strike Request for Jury Trial and Certain Damages (Filing No. 33). The defendant filed a brief (Filing No. 34) in support of the motion. The plaintiff did not file a response.

## BACKGROUND

The plaintiff filed the instant action on July 6, 2009, related to her employment as an Immigration Information Officer of the Nebraska Service Center. **See** Filing No. 7 - Amended Complaint. The plaintiff alleges the defendant oversees the Service Center. *Id.* ¶ 7. The plaintiff is a white female over the age of 40, who began working for the Service Center in 1999. *Id.* ¶¶ 6, 12. The plaintiff began managing the Women's Program for the Service Center as a collateral duty in 2001. *Id.* ¶ 13. The plaintiff alleges that in this capacity she was considered an EEO representative who engaged in protected activities. *Id.* Michelle Williamson, a female under the age of 40, supervised the plaintiff beginning in November 2004. *Id.* ¶ 14. The plaintiff alleges Ms. Williamson singled out the plaintiff for disparate treatment, a hostile work environment, and retaliation because of the plaintiff's EEO activities. *Id.* ¶ 15. Specifically, Ms. Williamson confronted the plaintiff about "perceived performance issues" the day the plaintiff returned from leave after her father's funeral; told the plaintiff to re-do documents because of the font size; insinuated the plaintiff was incompetent; reduced the plaintiff's production; more intently scrutinized

the plaintiff's work; and treated the plaintiff differently with regard to reporting, documenting and receiving leave time. *Id.* ¶¶ 16-29. The plaintiff alleges she was denied a transfer and received a two-day disciplinary suspension. *Id.* ¶¶ 17, 30. The plaintiff states her grievance related to her treatment was inexplicably lost by the defendant. *Id.* ¶¶ 34-35. Subsequently, the plaintiff was subjected to additional disciplinary and other negative actions. *Id.* ¶¶ 37-50.

Based on these allegations, the plaintiff asserts claims based upon gender and retaliation, under Title VII of the Civil Rights Act of 1964 (Title VII) pursuant to 42 U.S.C. § 2000e-2 and § 2000e-3, and age discrimination, pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a. *Id.* ¶ 1.[1] In her first cause of action, the plaintiff asserts retaliation and hostile work environment based on her status as a female over the age of forty who engaged in protected activities including in her role as a representative for the EEO and because she had filed several grievances. *Id.* at 8-9. In her prayer for relief, the plaintiff seeks punitive damages and "[c]ompensatory damages for lost pay, pain[,] suffering, [and] loss of enjoyment of life in the amount of $50,000." *Id.* at 10. In her second cause of action, the plaintiff alleges retaliation resulting in a second disciplinary action imposed on the plaintiff. *Id.* at 10-12. The plaintiff seeks punitive damages and "[c]ompensatory damages in the approximate amount of $50,000 for pain[,] suffering, [and] loss of enjoyment of life" for her second cause. *Id.* at 12. On the final page of the amended complaint, the plaintiff requested a jury trial on her claims. *Id.* at 13.

On November 4, 2009, the defendant filed an answer denying liability. **See** Filing No. 32. On the same date, the defendant filed the instant motion seeking to strike portions of the plaintiff's amended complaint. **See** Filing No. 33. Related to the plaintiff's ADEA claim, the defendant seeks to strike the plaintiff's request for a jury trial and requests for compensatory and punitive damages. The defendant argues the ADEA does not provide for such relief. Additionally, the defendant argues Title VII claim expressly prohibits punitive damages against the government.

---

[1] On November 2, 2009, the plaintiff voluntarily dismissed Greg Christian and Michelle Williamson as defendants in this action. **See** Filing No. 31.

**ANALYSIS**

The defendant's motion to strike was unopposed by the plaintiff and is well supported by the applicable law. First, there is no jury-trial right available, as against the Federal Government, for a person bringing an action under the ADEA § 633a(c), alleging a violation of § 633a(a), as in this case. **See** *Gomez-Perez v. Potter*, 128 S. Ct. 1931, 1946 (2008) (**citing** *Lehman v. Nakshian*, 453 U.S. 156, 162-67 (1981)). Second, the plaintiff is not entitled to a punitive damage award against this defendant under Title VII. Title VII provides:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1).

Third,

> ***Compensatory damages for pain and suffering and punitive damages are not available under the ADEA***, which employs its complex enforcement scheme "to help employers and workers find ways of meeting problems arising from the impact of age on employment." Relief under the ADEA is limited to "judgments compelling employment, reinstatement, or promotion," the recovery of unpaid minimum wages or overtime pay, and reasonable attorneys' fees and costs.

*Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1059 (9th Cir. 2009) (emphasis added) (**quoting** 29 U.S.C. §§ 216(b), 621, and 626(b)); **see also** *Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990); *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 809 (8th Cir. 1982) (holding "compensation for pain and suffering is not recoverable in ADEA actions").

Accordingly, the plaintiff's request for a jury trial and requests for compensatory and punitive damages based on her claim under the ADEA and her prayer for punitive damages under the Title VII claim shall be stricken. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Strike Request for Jury Trial and Certain Damages ([Filing No. 33](#)) is granted.  The plaintiff's request for jury trial with respect to her ADEA claim is stricken.  The request made pursuant to Title VII will, however, be preserved.

DATED this 30th day of November, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.